[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The instant proceeding is a post dissolution motion for contempt as well as an appeal from the doings of a Family Support Magistrate. On July 6, 1994, approximately two years after the dissolution, the plaintiff filed a motion to modify child support, and a hearing was held on that motion on September 7, 1994. On September 24, 1994, the magistrate denied the plaintiff's motion. In doing so, the magistrate articulated specific findings and orders. Based on those findings and orders, the plaintiff filed a petition for appeal on October 17, 1994.
On November 18, 1994, the defendant filed a motion for contempt against the plaintiff for the plaintiff's alleged failure to: (1) pay child support and (2) tender payments pursuant to the property settlement.
In paragraph nine of its memorandum of decision, the court (Mihalakos, J.) granted, inter alia, the plaintiff exclusive ownership of his own carting business which the court found had a net value of one hundred thousand ($100,000) dollars. In order to compensate the defendant for a portion of that business, the court ordered, as a property distribution to the defendant, the sum of forty thousand ($40,000) dollars, payable at the rate of CT Page 707 sixty ($60) dollars per week for a total of two hundred sixty (260) weeks, with the balance due on the two hundred sixty-first (261st) week.
The magistrate in his memorandum found that the plaintiff "deviated from the child support guidelines on the basis of deviation criteria (b)(1)(A) substantial assets, in that the plaintiff has recently sold his carting business and shows a liquid asset in the amount of $100,000.00" and that "it would be inequitable to the children subjects of this file to grant to the plaintiff the relief requested when said plaintiff has a large liquid asset in his own control." A review of the September 7, 1994 transcript reveals that the plaintiff's own testimony corroborates the magistrate's finding that the plaintiff had indeed sold his carting business in August of 1994.
In his petition for appeal, the plaintiff postulates that "[t]he magistrate committed error and abused his discretion by applying the deviation criteria of `substantial assets of the plaintiff,' because his Findings and Orders do not take into consideration that the divorce decree already awarded a portion of that asset — the plaintiff's carting business — to the defendant."
To agree with this plaintiff and disagree with the magistrate, this court would be constrained to hold that the allocation of a portion of the plaintiff's business to the defendant in the decree, as a partial property settlement, creates a situation where that asset, which may later convert to cash, cannot be reached to satisfy a support obligation which the plaintiff claims is impossible to honor as a result of that conversion. The allocation of the plaintiff's carting business as set forth in paragraph nine of the divorce decree hardly relieves the plaintiff from his financial support responsibility as enumerated in that decree.
The court is satisfied and finds that the magistrate is neither mistaken nor in abuse of his discretion in not considering the previous allocation of that carting business. This finding is dispositive of the plaintiff's entire petition which is, accordingly, denied and/or dismissed.
Moraghan, J. CT Page 708